THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM and HYDRO-QUÉBEC,<br><br>       Plaintiffs,<br><br>v.<br><br>A123 SYSTEMS, INC., BLACK & DECKER CORPORATION, BLACK & DECKER (U.S.) INC., and CHINA BAK BATTERY INC.,<br><br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:06-CV-1655 B |

**A123 SYSTEMS, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY DEMAND AND COUNTERCLAIMS**

Pursuant to Federal Rules of Civil Procedure 8, 12 and 13, A123 Systems, Inc. ("A123") answers the allegations of the Second Amended Complaint and asserts counterclaims as follows:

**PRELIMINARY STATEMENT**

As to the "Preliminary Statement" of the Second Amended Complaint of the Board of Regents of the University of Texas ("UT") and Hydro-Quebec ("HQ"), A123 is without knowledge or information sufficient to form a belief as to each and every allegation contained therein, and on that basis denies each and every allegation contained in that "Preliminary Statement."

A123 further specifically denies that HQ and/or UT possess any valid, enforceable patent rights in lithium iron phosphate and related cathode materials for rechargeable batteries, denies that any such patent rights were ever possessed by UT and/or Dr. John Goodenough, denies that A123 has infringed any such patent rights, denies that UT has retained any significant rights to

the asserted patents, and denies that plaintiffs are entitled to any relief in connection with their Second Amended Complaint, whether equitable, legal, or otherwise.

## PARTIES

**A.   Plaintiffs**

1. A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 1.

2. A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 2.

**B.   A123**

3. A123 admits that it is a Delaware corporation with its principal place of business in Watertown, Massachusetts. A123 further admits that it is not contesting this Court's exercise of personal jurisdiction over A123. A123 denies all other allegations contained in Paragraph 3.

**C.   The Black & Decker Defendants**

4. A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 4.

5. A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 5.

6. A123 admits that HQ and UT purport to refer to Black & Decker (U.S.) Inc. and Black & Decker Corporation as "Black & Decker" in their Second Amended Complaint.

## JURISDICTION AND VENUE

7. A123 admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, but it is without knowledge or information sufficient to determine whether both plaintiffs' have standing to bring this action.

8. A123 admits that this Court has personal jurisdiction over A123. A123 admits that Motorola, GE Capital Equity Investments, Qualcomm, Inc., and Alliance Bernstein Venture Fund I have invested in A123. A123 denies all remaining allegations contained in Paragraph 8.

9. A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 9.

10. A123 denies the allegations contained in Paragraph 10.

## FACTUAL BACKGROUND

A. **A123 is without knowledge or information sufficient to admit or deny allegations contained in Heading A.**

11. A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 11.

12. A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 12.

13. A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 13.

B. **A123 denies the allegations contained in Heading B.**

14. A123 denies the allegations contained in Paragraph 14.

15. A123 denies the allegations contained in Paragraph 15.

C. **A123 is without knowledge or information sufficient to admit or deny allegations contained in Heading C.**

16. A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 16.

17. A123 admits that the '382 Patent, entitled "Cathode Materials for Secondary (Rechargeable) Lithium Batteries," issued on June 8, 1999, and names on its face UT as the

assignee and John B. Goodenough, Akshaya K. Padhi, K.S. Nanjundaswamy, and Christian Masquelier as the inventors. A123 denies all remaining allegations contained in Paragraph 17.

18. A123 admits that the '640 Patent, entitled "Cathode Materials for Secondary (Rechargeable) Lithium Batteries," issued on February 4, 2003, and names on its face UT as the assignee and Michael Armand, John B. Goodenough, Akshaya K. Padhi, K.S. Nanjundaswamy, and Christian Masquelier as the inventors. A123 denies all remaining allegations contained in Paragraph 18.

D. **A123 admits that the USPTO issued reexamination certificates for the '382 and '640 patents. A123 denies the remaining allegations contained in Heading D.**

19. A123 admits that on September 8, 2006, it filed in the USPTO separate *ex parte* reexamination requests for the '382 Patent and '640 Patent, resulting in the USPTO finding both patents invalid as issued. A123 denies the remaining allegations contained in Paragraph 19.

20. A123 admits that on April 15, 2008, the USPTO—after finding the '382 Patent invalid as originally issued—issued an *Ex Parte* reexamination certificate for the '382 Patent after all independent claims at issue were amended during reexamination. A123 further admits that on May 12, 2009, the USPTO—after finding the '640 Patent invalid as originally issued—issued an *Ex Parte* Reexamination Certificate for the '640 Patent after all independent claims at issue were amended during reexamination. A123 admits that HQ and UT purport to refer to both the invalid as issued '382 and '640 Patents and the amended patents as the "Goodenough Patents." A123 otherwise denies all remaining allegations contained in Paragraph 20.

E. **A123 is without knowledge or information sufficient to admit or deny allegations in contained in Heading E.**

21. A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 21.

22.  A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 22.

23.  A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 23.

24.  A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 24.

25.  A123 is without knowledge or information sufficient to admit or deny allegations contained in Paragraph 25.

**F.   A123 denies the allegations contained in Heading F.**

26.  A123 is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 26.

27.  A123 is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 27.

28.  A123 is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 28.

29.  A123 is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 29.

30.  A123 is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30.

31.  A123 denies the allegations contained in Paragraph 31.

**G.   A123 denies the allegations contained in Heading G.**

32.  A123 admits that it was founded in 2001 by MIT Professor Yet-Ming Chiang and others, and is one of the world's leading suppliers of high-power lithium ion batteries and that its proprietary battery technology—built on patented nanoscale materials initially developed at the

Massachusetts Institute of Technology—is incorporated into electric cars, hybrid cars, and power tools. A123 otherwise denies the remaining allegations contained in Paragraph 32.

33. A123 denies the allegations contained in Paragraph 33.

34. A123 denies the allegations contained in Paragraph 34.

35. A123 denies the allegations contained in Paragraph 35.

36. A123 admits that it has filed one or more applications for United States patents to cover its proprietary technology and inventions. A123 denies all remaining allegations contained in Paragraph 36.

37. A123 denies the allegations contained in Paragraph 37.

38. A123 denies the allegations contained in Paragraph 38.

**H.     A123 denies the allegations contained in Heading H.**

39. A123 admits that on November 14, 2005, HQ alone, without reference to UT, accused A123 of infringing the '382 Patent. A123 otherwise denies the allegations contained in Paragraph 39.

40. A123 is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 40.

41. A123 denies the allegations contained in Paragraph 41.

42. A123 denies that defendants have infringed, and are infringing, one or more claims of each of the patents-in-suit. A123 is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 42.

## **CLAIMS**

**A.     Count One: Patent Infringement – Request For Permanent Injunctive Relief Pursuant to 35 U.S.C. §283.**

43. A123 incorporates by reference its responses to Paragraphs 1 to 42 of the Second Amended Complaint as though set forth here in full.

44. A123 denies the allegations contained in Paragraph 44.

45. A123 denies the allegations contained in Paragraph 45.

46. A123 denies the allegations contained in Paragraph 46.

47. A123 denies the allegations contained in Paragraph 47.

48. A123 denies the allegations contained in Paragraph 48.

49. A123 denies the allegations contained in Paragraph 49.

50. A123 denies the allegations contained in Paragraph 50.

B. **Count Two: Patent Infringement – Request For Recovery of Monetary Damages Pursuant to 35 U.S.C. §284.**

51. A123 incorporates by reference its responses to Paragraphs 1 to 50 of the Second Amended Complaint as though set forth here in full.

52. A123 denies the allegations contained in Paragraph 52.

53. A123 denies the allegations contained in Paragraph 53.

54. A123 denies the allegations contained in Paragraph 54.

### A123'S AFFIRMATIVE DEFENSES

### First Defense: Non-Infringement

A123 has not infringed or induced or contributed to the infringement of any claim of the R382 Patent and/or the R640 Patent, either literally or under the doctrine of equivalents.

### Second Defense: Invalidity

Each claim of the R382 Patent and R640 Patent is invalid or void for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 118 and 132.

### Third Defense: Lack of Standing

At least one of the Plaintiffs lacks standing to assert the R382 Patent and/or R640 Patent.

### Fourth Defense: Equitable Estoppel

Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### Fifth Defense: Laches

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Defense: Waiver and/or Estoppel

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### Seventh Defense: Patent Marking

Plaintiffs' claims for relief are barred, in whole or in part, by the failure of Plaintiffs to comply with the marking and notice requirements of 35 U.S.C. § 287.

### Eighth Defense: Limitation on Damages

Plaintiffs' claim for injunctive relief is barred because Plaintiffs do not practice the purported invention of the R382 Patent and/or R640 Patent.

### Ninth Defense: Reservation of Defenses

A123 presently lacks sufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated defenses. As such, A123 reserves the right to assert additional defenses in the event that investigation and/or discovery reveal that additional defenses are appropriate.

### A123'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

A123 alleges its counterclaims against UT and HQ as follows:

1.  These are counterclaims for declarations of non-infringement, invalidity, and unenforceability of one or more claims of the U.S. Patent No. 5,910,382, as amended by *Ex*

*Parte* Reexamination Certificate (the "R382 Patent") and U.S. Patent No. 6,514,640, as amended by *Ex Parte* Reexamination Certificate (the "R640 Patent") (collectively, the "patents-in-suit").

2. The counterclaim plaintiff A123 is a Delaware corporation with a principal place of business at The Arsenal on the Charles, One Kingsbury Avenue, Watertown, Massachusetts.

3. Upon information and belief, the counterclaim defendant HQ is a Canadian corporation with a principal place of business at 75 Réne-Lévesque Boulevard, West, 20th Floor, Montréal, Quebec, Canada.

4. Upon information and belief, UT is an agency of the State of Texas, located in Austin, Texas.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

6. HQ, as the purported exclusive licensee of the patents-in-suit, and UT, as the purported owner of the patents-in-suit, have sued A123 for allegedly infringing the R382 and R640 Patents and A123 has an objectively reasonable apprehension that HQ and UT will continue to pursue their allegations of infringement against A123.

7. An actual case and controversy exists between the parties concerning the infringement, validity, and enforceability of one or more claims of the patents-in-suit, and that controversy is ripe for adjudication by this Court.

## COUNT I

**(Non-Infringement, Invalidity, and Unenforceability of the R382 Patent)**

8. A123 repeats each allegation of paragraphs 1-7 as if set forth here in full.

A123 SYSTEMS, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT   PAGE 9
C.A. NO. 3:06-CV-1655

9. One or more claims of the R382 Patent are invalid and/or unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

10. A123 is entitled to a declaratory judgment that it has not infringed and is not infringing the R382 Patent, and that the R382 Patent is invalid and unenforceable.

## COUNT II

### (Non-Infringement, Invalidity, and Unenforceability of the R640 Patent)

11. A123 repeats each allegation of paragraphs 1-11 as if set forth here in full.

12. One or more claims of the R640 Patent are invalid and/or unenforceable for failing to meet one or more requisite conditions for patentability specified by Title 35 of the United States Code, including without limitation §§ 102, 103, and 112.

13. A123 is entitled to a declaratory judgment that it has not infringed and is not infringing the R640 Patent, and that the R640 Patent is invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, A123 requests that the Court enter judgment in its favor and against HQ and UT as follows:

1. Dismiss the Second Amended Complaint in its entirety, with prejudice;

2. Declare that A123 has not infringed, and is not infringing, the R382 Patent;

3. Declare that one or more claims of the R382 Patent are invalid, void, and/or unenforceable;

4. Declare that A123 has not infringed, and is not infringing, the R640 Patent;

5. Declare that one or more claims of the R640 Patent are invalid, void, and/or unenforceable;

6. Award A123 its costs and attorney's fees incurred in this action; and

      7.      Grant A123 such further relief as the Court may deem just and proper.

## JURY DEMAND

A123 hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**A123 SYSTEMS, INC.**

| By their attorneys, | Of Counsel: |
|---|---|
| /s/ Kathleen M. Lavalle<br>Kathleen M. LaValle, Esq.<br>John M. Jackson, Esq.<br>JACKSON WALKER, LLP<br>901 Main Street, Suite 6000<br>Dallas, TX 75202 | Wayne L. Stoner, Esq.<br>Mary Rose Scozzafava, Esq.<br>Christopher Noyes, Esq.<br>Christopher Lim, Esq.<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109 |

Date:  June 1, 2010

# CERTIFICATE OF SERVICE

I certify that on June 1, 2010, I caused a true and correct copy of the above document to be sent via the Court's electronic case filing system and certified mail, return receipt requested, to the following counsel of record:

Kevin J. Meek
BAKER BOTTS
2001 Ross Ave.
Suite 600
Dallas, TX 75201

James W. Cannon, Jr.
BAKER BOTTS
98 San Jacinto Blvd.
Suite 1500
Austin, TX 78701

William A. Brewer III
James S. Renard
Joyce M. Hellstern
BICKEL & BREWER
4800 Bank One Center
1717 Main Street
Dallas, TX  75201
**COUNSEL FOR PLAINTIFFS BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM AND HYDRO-QUEBEC**

| | |
|---|---|
| David Mahalek<br>Paul C. Gibbons<br>NIRO, SCAVONE, HALLER & NIRO<br>181 W. Madison Street<br>Suite 4600<br>Chicago, IL 60602<br>**COUNSEL FOR BLACK & DECKER (U.S.) INC. AND BLACK & DECKER CORPORATION** | Jonathan T. Suder<br>FRIEDMAN SUDER & COOKE<br>Tindall Square Warehouse No. 1<br>604 E. 4th Street, Suite 200<br>Fort Worth, TX 76102<br>**COUNSEL FOR BLACK & DECKER (U.S.) INC. AND BLACK & DECKER CORPORATION** |

                                        /s/ John M. Jackson